Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO  Recurrida  v.  FRANKY I. LORENZO MERCADO  Peticionario | KLCE202500418 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez  Caso Núm.: ISCR202400814-0815 ISCR202400860-0861 ISCR202400985 I1CR202400133  Sobre: Art. 6.05 Ley 168; Art. 6.22 Ley 168; Art. 404 a Ley 4; Art. 412 a Ley 4; Art. 404 a Ley 4; Art. 246 CP |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece Franky I. Lorenzo Mercado (en adelante, peticionario) mediante un recurso de *Certiorari*, para solicitarnos la revisión de la *Resolución* emitida el 14 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.[1] Mediante la *Resolución* recurrida, el foro primario declaró *No Ha Lugar* una solicitud de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal[2] presentada por el peticionario y ordenó la continuación de los procedimientos. Sobre el referido dictamen, el 27 de enero de 2025, el peticionario incoó una solicitud de reconsideración,[3] la cual fue declarada *No Ha Lugar,* el 13 de marzo de 2025.[4]

---

[1] Anejo XX del recurso, a las págs. 112-128.
[2] 34 LPRA Ap. II, R. 234.
[3] Anejo XIV del recurso, a las págs. 132-146.
[4] Anejo XIX del recurso, a la pág. 158.

Número Identificador
SEN2025_____

Por los fundamentos que expondremos, se *desestima* el recurso instado.

I

Acaecidos varios trámites procesales y luego de haberse presentado varias acusaciones contra el peticionario de autos, este presentó una *Moción en solicitud de supresión de evidencia (R. 234).*[5] Por su parte, el Ministerio Público presentó una réplica.[6] De ahí, el peticionario instó un escrito para suplementar su solicitud de supresión de evidencia.[7] En reacción, el Ministerio Público instó nuevamente una réplica.[8]

En respuesta, el foro de instancia celebró una vista sobre supresión de evidencia.[9] Producto de la vista celebrada, el 14 de enero de 2025,[10] el tribunal *a quo* emitió la *Resolución* que nos ocupa. Mediante el referido dictamen, declaró *No Ha Lugar* la solicitud de supresión de evidencia incoada por el peticionario.[11]

En desacuerdo, el 27 de enero de 2025, el peticionario instó una *Moción en solicitud de reconsideración.*[12] Por su parte, el Ministerio Público presentó su oposición.[13]

Finalmente, mediante *Resolución* emitida el 13 de marzo de 2025,[14] el foro *a quo* denegó la solicitud de reconsideración incoada por el peticionario.

Insatisfecho, aún, el 16 de abril de 2025, el peticionario instó el recurso de *Certiorari* ante nos.

---

[5] Anejo XIV del recurso, a las págs. 51-78.

[6] Anejo V del recurso, a las págs. 79-85.

[7] Anejo XVIII del recurso, a las págs. 94-98.

[8] Anejo XIX del recurso, a las págs. 99-105.

[9] Anejo XXI del recurso, a la pág. 112.

[10] Anejo XX del recurso, a las págs. 112-128. No surge de los autos ante nuestra consideración que se hubiese presentado como parte del apéndice o en un documento separado, el volante de notificación, con la finalidad de acreditar que esta Curia cuenta con jurisdicción para entender en el presente recurso.

[11] Anejo XXI del recurso, a las págs. 112-128.

[12] Anejo XIV del recurso, a las págs. 132-146.

[13] Anejo XXVIII del recurso, a las págs. 151-157.

[14] Anejo XIX del recurso, a la pág. 158. No surge de los autos ante nuestra consideración que se hubiese presentado como parte del apéndice o en un documento separado, el volante de notificación, con la finalidad de acreditar que esta Curia cuenta con jurisdicción para entender en el presente recurso.

Examinado el recurso, mediante *Resolución* emitida el 23 de abril de 2025, concedimos al peticionario hasta el 25 de abril de 2025, para acreditar el cumplimiento con la Regla 33 (A) y la Regla 33 (B) del Reglamento de este Tribunal.[15] Además, concedimos hasta esa misma fecha para proveernos copia de los volantes de notificación de ciertos documentos, con el fin de auscultar nuestra jurisdicción. Por otro lado, otorgamos al Procurador General hasta el 5 de mayo de 2025, para expresarse en torno al recurso instado.

Habiendo decursado el término sin que el peticionario hubiese cumplido con lo ordenado, el 29 de abril de 2025, emitimos una *Resolución* mediante la cual concedimos al peticionario un término perentorio a vencer el 2 de mayo de 2025, a las 10:00 a.m., para cumplir con nuestra *Resolución* del 23 de abril de 2025, so pena de desestimar el recurso instado.

En esa misma fecha, el peticionario presentó una *Moción en cumplimiento de orden.* En su escrito, acompañó documentos para acreditar haber cumplido con la Regla 33 (A) y la Regla 33 (B) del Reglamento de este Tribunal.[16]

De los autos se desprende que los términos concedidos al peticionario en nuestras *Resoluciones* del 23 y 29 de abril de 2025, vencieron, sin que se hubiesen presentado los requeridos volantes de notificación. Por consiguiente, procederemos a disponer del presente recurso, no sin antes expresar que conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[17] este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, eximimos al

---

[15] 4 LPRA Ap. XXII-B, R.33 (A) y (B).
[16] *Íd.*
[17] 4 LPRA Ap. XXII-B, R.7 (B)(5).

Procurador General de presentar escrito en oposición al recurso de *Certiorari* ante nos.

II

### A. Falta de Jurisdicción por Incumpliendo con el Reglamento del Tribunal de Apelaciones

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[18] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[19] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[20] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[21] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[22] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[23] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[24] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[25]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[26] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o

---

[18] *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[19] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[20] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[21] *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[22] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[23] 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG,* supra.
[24] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).
[25] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).
[26] 4 LPRA Ap. XXII-B, R. 83 (C).

denegar un auto discrecional cuando este foro carece de jurisdicción.

Sabido es que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial.[27] Por consiguiente, "las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones".[28] En ese sentido, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente.[29] De lo contrario, el incumplimiento con la referidas normas, impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo.[30]

En lo pertinente al presente caso, la Regla 34 (E) (1) (c) de nuestro Reglamento dispone que el apéndice de un *Recurso de Certiorari* debe contener una copia literal de lo siguiente:

> [. . .].
>
> (c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.
>
> [. . .].[31]

El Tribunal Supremo, generalmente, se ha movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la jurisdicción.[32]

---

[27] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

[28] *Morán v. Marti*, 165 DPR 356, 364 (2005). (Cita depurada).

[29] *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); *Isleta v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019); *Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564 (2000).

[30] *Morán v. Marti,* supra, a la pág. 366.

[31] 4 LPRA Ap. XXII-B, R. 34 (E) (1) (c).

[32] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

### III

Sabido es, como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción como paso previo a entender en los méritos de un recurso apelativo. Ello, puesto a que las cuestiones relacionadas a la jurisdicción deben ser resueltas con preferencia, ya que a inciden directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[33] Por consiguiente, cuando este Tribunal carece de jurisdicción, lo apropiado es que desestimemos la reclamación, sin entrar en sus méritos.[34] Luego de haber examinado los autos ante nuestra consideración, colegimos que, en este caso, no tenemos jurisdicción a consecuencia del craso incumplimiento del peticionario con el Reglamento del Tribunal de Apelaciones.

Según reseñamos en nuestra exposición doctrinal, la Regla 34 (E) (1) (c) de nuestro Reglamento dispone que el apéndice de un *Recurso de Certiorari* debe contener una copia literal de lo siguiente:

[. . .].

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

[. . .].[35]

Luego de analizar el marco legal aplicable al tipo de recurso apelativo presentado, *vis a vis* los autos ante nuestra consideración, ha quedado demostrado el claro incumplimiento con el Reglamento del Tribunal de Apelaciones. Nos explicamos.

Según hemos expresado, se nos ha solicitado la revisión de la *Resolución* emitida el 14 de enero de 2025.[36] Sobre el referido dictamen, el 27 de enero de 2025, el peticionario instó una solicitud

---

[33] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 500; *Fuentes Bonilla v. ELA et al.,* supra, a la pág. 372.
[34] 4 LPRA Ap. XXII-B, R. 83.
[35] 4 LPRA Ap. XXII-B, R. 34 (E) (1) (c).
[36] Anejo XX del recurso, a las págs. 112-128.

de reconsideración,[37] la cual fue declarada *No Ha Lugar,* mediante dictamen emitido el **13 de marzo de 2025**.[38] Visto el recurso, notamos que, en cuanto a la *Resolución* emitida el 14 de enero de 2025, el peticionario **no** nos proveyó el correspondiente volante de notificación OAT-1812.[39] También, pudimos constatar que el peticionario presentó su solicitud de reconsideración el 27 de enero de 2025, por lo que asumiendo que la notificación se hubiese realizado conforme a derecho y en la fecha en que se emitió la *Resolución* o en una posterior, el referido escrito de reconsideración debió haberse presentado de manera oportuna.

Ahora bien, es de ver que la *Resolución* mediante la cual se denegó la solicitud de reconsideración fue emitida el **13 de marzo de 2025**. Entonces, siguiendo el mismo curso de acción, el peticionario **no** nos proveyó el volante de notificación 1812.[40] Es de notar que fue el **16 de abril de 2025** que el peticionario instó el recurso apelativo ante nuestra consideración.[41] Esto, habiendo transcurrido treinta y cuatro días (34) desde que se emitió la *Resolución,* mediante la cual el tribunal de instancia declaró sin lugar la reconsideración solicitada por el peticionario.

Según relatamos, mediante *Resolución* del 23 de abril de 2025, le requerimos al peticionario presentar los antedichos volantes de notificación, de los cuales, visto lo anterior, señalamos que el de la denegatoria de reconsideración es el neurálgico para establecer que esta Curia cuenta con jurisdicción. El peticionario **no** cumplió.

---

[37] Anejo XIV del recurso, a las págs. 132-146.

[38] Anejo XIX del recurso, a la pág. 158.

[39] Formulario Único de Notificación – Sentencias, Resoluciones, Órdenes y Minutas (Noviembre 2016).

[40] *Íd.*

[41] Puntualizamos que, dado a que no se presentó el volante de notificación de la *Resolución* emitida el 13 de marzo de 2025, y habiéndose instado el recurso apelativo el 16 de abril de 2025, esta Curia podría llegar a la conclusión de que el recurso ante nos, fue presentado de forma tardía. Es ahí donde estriba la imperiosa necesidad de cumplir con nuestro Reglamento.

Dicho lo anterior, el 29 de abril de 2025, concedimos *motu proprio* una segunda oportunidad para cumplir con nuestra *Resolución* del 23 de abril, con apercibimiento de que el recurso sería desestimado de incumplir. Decursado el término provisto, el peticionario **no** cumplió.

En consecuencia, y tras forzosamente concluir que no contamos con los elementos suficientes para entender en el presente caso, puesto a que **no** podemos auscultar nuestra propia jurisdicción, procede la desestimación del recurso ante nuestra consideración. Dicho de otro modo, hemos acordado tomar esta determinación, ante el incumplimiento del peticionario con nuestras *Resoluciones*, según le fue advertido. Además, la tomamos a base del examen de los documentos que **sí** obran en autos, entiéndase, la *Resolución* mediante la cual se denegó la solicitud de reconsideración que fue emitida el **13 de marzo de 2025**, sin un volante de notificación 1812,[42] que acredite que la notificación de esta se hizo en fecha posterior y nos confiera así jurisdicción para entender en el recurso presentado el **16 de abril de 2025**.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de *Certiorari,* por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] Formulario Único de Notificación – Sentencias, Resoluciones, Órdenes y Minutas (Noviembre 2016).